15-18-ag
*Ram v. Lynch*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand and sixteen.

Present:
      JOHN M. WALKER, JR.,
      GUIDO CALABRESI,
      PETER W. HALL,
            *Circuit Judges.*

———————————————————————————————

DAWINDER RAM,

            *Petitioner,*

      v.                                      No. 15-18-ag

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

            *Respondent.*

———————————————————————————————

| | |
|---|---|
| For Petitioner: | Jaspreet Singh, Jackson Heights, New York. |
| For Respondent: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel, Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C. |

———————————————————————————————

1

**UPON DUE CONSIDERATION**, of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Dawinder Ram, a native and citizen of India, seeks review of a December 9, 2014, decision of the BIA, affirming an October 16, 2012, decision of an Immigration Judge ("IJ") denying Ram's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dawinder Ram,* No. A200 239 615 (B.I.A. Dec. 9, 2014), *aff'g* No. A200 239 615 (Immig. Ct. N.Y. City Oct. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the bases for denying relief that were not considered by the BIA (the IJ's alternative findings that any presumption of a well-founded fear of future persecution was rebutted and that Ram could safely relocate in India to avoid persecution). *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163–64. Substantial evidence supports the agency's adverse credibility determination here.

The IJ reasonably relied on Ram's demeanor, noting that he was evasive and repeatedly hesitant during cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record.

2

The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding Ram's party affiliation and whether his wife was harassed by a rival political party after Ram's departure from India. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Ram did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Ram's credibility, the agency reasonably relied further on his failure to submit corroborating evidence sufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, his wife's affidavit was inconsistent with his testimony and it was unclear who had prepared it, and he did not submit evidence that he had received medical care after allegedly being beaten.

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Ram's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

3